IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/<br>            Respondent,<br><br>     vs.<br><br>ROBERT GONZALES,<br><br>            Defendant/<br>            Petitioner. | No. CR-F-94-5011 OWW<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION FOR MODIFICATION OF<br>SENTENCE PURSUANT TO 18<br>U.S.C. § 3582(c)(2) |

On August 18, 2008, Petitioner Robert Gonzales filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 614), based on retroactive application of Amendment 591 to the United States Sentencing Guidelines.

The United States has filed an opposition to Petitioner's motion and Petitioner has filed a reply. All briefing is now complete.

There is no dispute that Amendment 591 is retroactive and that Petitioner may seek a reduction of sentence pursuant to Section 3582(c) based on retroactive application of Amendment

1

591.¹

Prior to Amendment 591, §1B1.1(a) of the Sentencing Guidelines provided:

> (a) Determine the applicable offense guideline section from Chapter Two. See §1B1.2 (Applicable Guidelines). The Statutory Index (Appendix A) provides a listing to assist in this determination.

§1B1.2(a) provided:

> Determine the offense guideline in Chapter Two (Offense Conduct) most applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment or information of which the defendant was convicted). *Provided*, however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

---

¹18 U.S.C. § 3582(c)(2) provides in pertinent part:

> (c) Modification of an imposed term of imprisonment. - The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2000, pursuant to Amendment 591, these Sentencing Guidelines sections were amended:

> Section 1B1.1 is amended by striking subsection (a) in its entirety and inserting:
>
>> '(a) Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction.  <u>See</u> §1B1.2.'
>
> Section 1B1.2(a) is amended by striking 'most' each place it appears; by striking 'Provided, however' and inserting 'However'; and by adding at the end the following:
>
>> 'Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction.  If the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense.  For statutory provisions not listed in the Statutory Index, use the most analogous guideline. <u>See</u> §2X5.1 (Other Offenses).  The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.  <u>See</u> §1B1.9 (Class B or C Misdemeanors and Infractions).'

Amendment 591 sets forth the "Reason for Amendment:"

> This amendment addresses a circuit conflict regarding whether the enhanced penalties in §2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug

3

> sales in a protected location or involving a protected individual ....
>
> In promulgating this amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two (Offense Conduct) guideline, different from that referenced in the Statutory Index (Appendix A), based on factors other than the conduct charged in the offense of conviction ....
>
> The amendment modifies §§1B1.1(a), 1B1.2(a), and the Statutory Index's introductory commentary to clarify the inter-relationship among these provisions. The clarification is intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in §1B1.2(a). Therefore, in order for the enhanced penalties in §2D1.2 to apply, the defendant must be convicted of an offense referenced to §2D1.2, rather than simply have engaged in conduct described by that guideline. Furthermore, the amendment deletes Application Note 3 of §1B1.2 (Applicable Guidelines), which provided that in many instances it would be appropriate for the court to consider the actual conduct of the offender, even if such conduct did not constitute an element of the offense. This application note describes a consideration that is more appropriate when applying §1B1.3 (Relevant Conduct), and its current placement in §1B1.2 apparently has caused confusion in applying that guideline's principles to determine the offense conduct guideline in Chapter Two most appropriate for the offense of conviction. In particular, the note has been used by some courts to permit a court to decline to use the offense guideline referenced in the Statutory Index in cases that were allegedly 'untypical' or 'outside the heartland.' ....

Petitioner argues that, pursuant to Amendment 591, the District Court was required to "utilize 2X1.1 before determining

4

Petitioner's Chapter Two Offense Guideline range, as well as his substantive offense, which determines the base offense level." Petitioner contends that, "before the court can determine the Chapter Two offense guideline section applicable to the § 846 Conspiracy, the court must first refer to §2X1.1 to determine the 'Substantive' offense of conviction."

USSG §2X1.1 pertains to "Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)" and provides:

> (a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustment from such guideline for intended offense conduct that can be established with reasonable certainty.

Petitioner refers to Application Note 2 to §2X1.1:

> 'Substantive offense' as used in this guideline, means the offense that the defendant was convicted of soliciting, attempting, or conspiring to commit. Under § 2X1.1(a), the base offense level will be the same as that for the substantive offense. But the only specific offense characteristics from the guideline for the substantive offense that apply are those that are determined to have been specifically intended or actually occurred. Speculative specific offense characteristics will not be applied. For example, if two defendants are arrested during the conspiratorial stage of planning an armed bank robbery, the offense level ordinarily would not include aggravating factors regarding possible injury to others, hostage taking, discharge of a weapon, or obtaining a large sum of money, because such factors would be speculative. The offense level would simply reflect the level applicable to robbery of a financial institution, with the enhancement for possession of a weapon. If it was established that the defendants actually

>     intended to physically restrain the teller,
>     the specific offense characteristic for
>     physical restraint would be added.  In an
>     attempted theft, the value of the items that
>     the defendant attempted to steal would be
>     considered.

Petitioner argues that the application of Amendment 591 to §1B1.2(a) means that the "most serious substantive crime that Petitioner conspired to commit and did commit, was a violation of §841(a)(1)" and that, therefore, Petitioner stands convicted of a non-punishable offense."

Petitioner's contentions are without legal merit. Petitioner's base offense level was determined under §2D1.1. Application Note 1 to §2X1.1 explains that certain attempts, conspiracies, and solicitations are covered by other offense guidelines and states that offense guidelines that expressly cover conspiracies include §2D1.1.  Because Petitioner's offense was covered by a specific offense guideline, §2X1.1 does not apply and provides no basis for modification of Petitioner's sentence.  *See United States v. Smith*, 2004 WL 259228 (6th Cir.), *cert. denied,* 541 U.S. 1082 (2004); *United States v. Augarten*, 2003 WL 23095537 (6th Cir.2003), *cert. denied*, 541 U.S. 1004 (2004); *United States v. Shipp*, 2002 WL 1732603 (7th Cir.2002).

Petitioner contends that the jury's verdict "was ambiguous as to which statutory penalty to apply to the §846 conspiracy conviction," that "an element of the crime of conspiracy under §846 is that the conspiracy must be to commit an offense under the Drug Abuse Prevention and Control subchapter" and that "[i]f

6

1  the jury finds no such object of the conspiracy, there is no
2  crime", and that "the quantity of the controlled substance was
3  neither found by a jury or proved beyond a reasonable doubt."
4  Petitioner further argues that "under Amendment 591 the
5  sentencing court cannot use factual findings to alter his Offense
6  Guideline Section under 2D1.1, this finding must be based on
7  Petitioner's (Offense of Conviction)."  In his reply brief,
8  Petitioner contends that, because the Indictment did not specify
9  the amount of controlled substances, Petitioner's offense of
10 conviction must be determined under 21 U.S.C. § 841(b)1)(C),
11 which will modify his Base Offense Level to 12, reducing his
12 guideline sentencing range to 27 to 33 months incarceration.
13      None of these arguments pertain to Amendment 591.  Although
14 not specified by Petitioner, these arguments are based on
15 *Apprendi v. New Jersey.*  However, *Apprendi* does not affect
16 guideline ranges and does not afford relief under Section 3582.
17 *See United States v. Marshall*, 2002 WL 554448 (9th Cir.2002).
18      For the reasons stated, Petitioner's motion for modification
19 of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.
20      IT IS SO ORDERED.
21 **Dated:   December 22, 2008**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE