IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT GONZALEZ,<br><br>                    Defendant. | CASE NO. 1:94-CR-5011 LJO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

On November 7, 2014, the defendant filed a motion under 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines, which revises the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government filed an opposition to this motion on November 10, 2014, on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. On January 20, 2015, the defendant filed a second motion, which was entitled "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," however the substance of that motion was analogous to a 28 U.S.C. § 2255 habeas corpus petition. The Court hereby denies both motions.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151,

1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the final Presentence Report recommended a base offense level of 38 pursuant to USSG § 2D1.1, as the amount of methamphetamine involved in the case was 45.36 kilograms. Under the amended guideline, the base offense level for 45 kilograms of methamphetamine is still 38. At the established criminal history category of V, the defendant's sentencing range is still 360 months to life in prison. Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

In his second motion, also styled as one brought under Section 3582(c)(2), the defendant argues new chemical analysis of the materials seized during his arrest would prove that the amount of methamphetamine in his possession was less than 45.46 kilograms. Newly discovered evidence, however, is not a consideration under Section 3582(c)(2). Rather newly discovered evidence may be considered as part of 28 U.S.C. § 2255 habeas corpus petition. 28 U.S.C. § 2255(f)(4) allows claims to be brought one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The defendant, however, previously filed a 28 U.S.C. § 2255 habeas corpus petition on June 22, 1998.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

2

Before this Court can consider a second or successive 28 U.S.C. § 2255 motion, the defendant must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes,* 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). The defendant has not shown that he has obtained leave from the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider the claims raised. *See Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029–30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

The defendant's motions pursuant to Section 3582 are hereby denied.

IT IS SO ORDERED.

Dated: **February 26, 2015**                **/s/ Lawrence J. O'Neill**
                                                                                UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE                3